## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. GILBERT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-05170 |
| ARMOR SYSTEMS CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes MICHAEL P. GILBERT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ARMOR SYSTEMS CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a 31 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency that provides "receivables management solution[s]" and which holds itself out as a "leader in high-tech collection solutions."[1] Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 1700 Kiefer Drive, Suite 1, Zion, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, Defendant acquired collection rights to the subject debt sometime after Plaintiff defaulted on the subject debt.

10. On or about July 5, 2018, Plaintiff received a collection letter from Defendant attempting to collect the subject debt.

11. This letter contained a portion which could be detached and returned for payment.

12. Within this portion, the subject debt is associated with "Account Number" 01-002788113, and the total said to be owed on the subject debt is $499.00.

13. The letter goes on to identify the "Creditor" of the subject debt as "College of Lake County."

---

[1] https://www.illinoiscollectionagency.com/

14. Immediately below the indication of the "Creditor," the letter references "Creditor Account #" 1005698.

15. Immediately below the indication of "Creditor Account #" the letter states "You Owe" $499.00.

16. Thereafter, in the body portion of the collection letter, the letter outlines "Creditor Name(s)" while going on to identify "Village of Round Lake Park Police Dept." and "College of Lake County."

17. This portion, for the first time, breaks down the subject debt.

18. In this break down, it is represented that Plaintiff owes Village of Round Lake Park Police Dept. $250.00 and that Plaintiff owes College of Lake County $249.00, for a grand total of $499.00.

19. This collection letter is inherently confusing in the way the letter misrepresents the account number associated with the subject debt, the creditor(s) of the subject debt, and the amount seemingly owed to a particular creditor.

20. The structure of the collection letter creates a probability of confusion as to how much Plaintiff is said to owe and to whom an amount is owed, as well as which debts would be satisfied in the event Plaintiff made payment to Defendant.

21. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

22. Further, Plaintiff has been confused and misled by Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(2)(A), and e(10) when it misleadingly characterized the amount owed on the subject debt in the collection letter sent to Plaintiff. Defendant's collection letter first represents that the creditor of the subject debt is College of Lake County, and that Plaintiff owes $499.00 to this creditor. However, thereafter, Defendant's collection letter cuts against this representation by stating that there are actually two creditors whose debts go into the $499.00 total. As such, Defendant's collection letter misrepresents the character of the subject debt as it relates to the specific creditors for whom Defendant was attempting to collect.

31. Defendant further violated § 1692e, e(2)(A), and e(10) when it misleadingly utilized different account numbers in the same collection letter. The collection letter outlines two different account numbers – 01-002788113 and 1005698. The use of differing account numbers, when taken together with the misrepresentations regarding the creditor(s) of the subject debt, demonstrate the likelihood of confusion as to what account number was associated with the subject debt.

32. Furthermore, in the event Plaintiff were to make a payment on the debt(s) outlined in the letter, Defendant's letter is misleading as to how such payment would be applied and which debt(s) any payment would go towards satisfying. Defendant's letter suggests that any payment made would be applied to the $499.00 total. However, as stated above, Defendant's letters confusingly indicates that multiple debts are included within this total, without indicating which debt any payment on said account would be satisfied by such payment.

**b.  Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send a collection letter structured in a way to confuse Plaintiff as to the extent of his alleged liability on the subject debt. Furthermore, it was unfair for Defendant to fail to meaningfully indicate which specific underlying debt any payment made on the subject debt would go towards satisfying.

WHEREFORE, Plaintiff, MICHAEL P. GILBERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 30, 2018                                          Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Illinois                Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com