IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. GILBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARMOR SYSTEMS CORPORATION, ) <br> ) <br> Defendant. ) | Case No. 18 C 5170 <br><br> Judge Robert W. Gettleman |

## ORDER

Defendant Armor Systems Corporation sent plaintiff Michael P. Gilbert a debt collection letter. Plaintiff sued, claiming that the letter violates the Fair Debt Collection Practices Act ("FDCPA") because it is misleading and unfair. 15 U.S.C. § 1692e; 15 U.S.C. § 1692f. He seeks statutory damages. 15 U.S.C. § 1692k(a)(2)(A). Defendant moves for summary judgment on both liability and damages. Summary judgment is proper when a reasonable jury considering the evidence could return a verdict only for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–51 (1986). The court draws all justifiable inferences in favor of the non-moving party. Id. at 255. Because the debt collection letter is clearly confusing on its face, and because plaintiff is entitled to a jury trial on statutory damages, defendant's motion for summary judgment is denied.

Courts evaluate FDCPA claims "from the standpoint of an unsophisticated consumer." Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). The unsophisticated consumer "is uninformed, naive, or trusting," but has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." Id. (citations and quotation marks omitted). District judges should "tread carefully before holding that a letter

is not confusing as a matter of law," because they "are not good proxies for the unsophisticated consumer whose interest the statute protects." McMillan v. Collection Professional Inc., 455 F.3d 754, 759 (7th Cir. 2006) (quotation marks omitted).

Because plaintiff presents no extrinsic evidence that the debt collection letter he received would mislead an unsophisticated consumer, he survives summary judgment only if the letter is confusing on its face. Lox v. CDA, Ltd., 689 F.3d 818, 822 (7th Cir. 2012). The letter states in three different places that plaintiff owes $499.00. The creditors to which plaintiff owes the $499.00 are unclear. The upper portion of the letter on the right side, lists $499.00 as the "current amount due" without naming a creditor. The bottom portion of the letter contains a blue shaded box listing two breakdowns of the $499.00. The first breakdown, located in the upper-left of the blue shaded box, names College of Lake County as creditor and states, "You Owe: $499.00." Below and to the right, in centered text, is the second breakdown listing: (1) $250.00 owed to Village of Round Lake Park Police Department; and (2) $249.00 owed to College of Lake County; for (3) a "Total Balance Owing" of $499.00. This is the letter's relevant part:



The letter appears to be confusing on its face. No doubt it seeks a total of $499.00, but for what creditors? Logical reasoning cannot solve the letter's internal inconsistency: the debtor owes College of Lake County both $499.00 and $249.00. An unsophisticated consumer could reasonably think that either was the true amount owed. There is no reason for an unsophisticated consumer to think that a debt item listed in a table must be more accurate than the same item listed at the top of a page.

Defendant argues that an unsophisticated consumer would ignore the first breakdown in favor of the second because the second is more "detailed." Unsophisticated consumers can make basic logical inferences; they cannot be expected to apply "the ancient interpretive principle that the specific governs the general . . . ." Nitro-Lift Techs., L.L.C. v. Howard, 568 U.S. 17, 21

(2012). Nor is it clear that applying that principle would lead an unsophisticated consumer to conclude that the true amount owed to College of Lake County was $249.00. The first breakdown has a detail that the second lacks—the College of Lake County's "Creditor Account" number. And even if detail were the rule of decision, and even if unsophisticated consumers applying that rule would conclude that the $499.00 amount was erroneous, defendant offers no evidence that the true amount owed to College of Lake County was even $249.00.

Because the letter is confusing on its face, defendant's motion for summary judgment is denied. Plaintiff may proceed to trial and "testify that [he was] misled, and if [he is] shown to be representative [of] unsophisticated (or, a fortiori, sophisticated) consumers, the trier of fact may be able to infer from [his] testimony that the letter is misleading within the meaning of the Fair Debt Collection Practices Act." Muha v. Encore Receivable Management, Inc., 558 F.3d 623, 628–29 (7th Cir. 2009) (affirming the exclusion of the plaintiff's extrinsic evidence yet reversing summary judgment for the defendant, holding that, "The defendant's letter was not so palpably misleading as to entitle the plaintiffs to summary judgment, but neither was it so palpably not misleading as to entitle the defendant to summary judgment.").

Defendant's request for summary judgment on statutory damages is also denied. At summary judgment, plaintiff need not present evidence of "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The statute entitles him to a jury trial on statutory damages. 15 U.S.C. § 1692k(a)(2); Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893, 898–99 (7th Cir. 1998). (Defendant also challenges plaintiff's entitlement to actual damages, but plaintiff is no longer claiming actual damages).

4

## **CONCLUSION**

Defendant's motion for summary judgment (Doc. 23) is denied. This matter is set for a report on status on July 31, 2019, at 9:10 a.m.

**ENTER:** **July 24, 2019**

_____
**Robert W. Gettleman
United States District Judge**